IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROSHA C. WILLIAMS,<br>    Plaintiff<br><br>v.<br><br>SECURUS CORRECTIONAL<br>BILLING, et al.,<br>    Defendants. | C.A. No. 14-42 Erie<br><br><br>Magistrate Judge Baxter |

# OPINION AND ORDER[1]

United States Magistrate Judge Susan Paradise Baxter

## I.    INTRODUCTION

### A.    Relevant Procedural and Factual History

On February 11, 2014, Plaintiff Rosha C. Williams, an inmate incarcerated at the Erie County Prison in Erie, Pennsylvania, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Securus Correctional Billing ("Securus"); Erie County Prison ("ECP"); and Deputy Warden Michael Holman ("Holman"). Plaintiff claims that he has been subjected to excessive phone rates at ECP in violation of his First Amendment, due process, and equal protection rights. (ECF No. 3, Complaint, at Sections III and IV.C). In particular, Plaintiff alleges that he is "being subjected to pay $ 4.80 for a local call for 30 min," while "inmates in the work release program [at ECP] only has [sic] to pay 50¢ for a local call." (Id. at p. 5). As relief for his

---

[1] The parties have consented to having a United States Magistrate Judge exercise jurisdiction over this matter. [ECF Nos. 4, 10].

claim, Plaintiff seeks injunctive relief in the form of an order requiring that inmates be charged "reasonable phone rates to be able to contact our family's [sic]." (Id. at Section IV.C).

Defendants ECP and Holman have filed a motion to dismiss Plaintiff's complaint [ECF No. 7] arguing that Plaintiff has failed to state a cause of action upon which relief may be granted.[2] Plaintiff has since filed a response to Defendants' motion [ECF No. 9]. This matter is now ripe for consideration.

### B. Standards of Review

#### 1. Motion to Dismiss

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)(rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, 556 U.S. 662 (2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

The Court need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906

---

[2] Defendant Securus has not been served in this matter, despite repeated efforts by the U.S. Marshal Service, and no attorney has entered an appearance on its behalf.

(3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D.Del. February 19, 2008) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556.

The Third Circuit Court has prescribed the following three-step approach to determine the sufficiency of a complaint under Twombly and Iqbal:

> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

Burch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011), citing Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (quoting Iqbal, 129 S.Ct. at 1947, 1950); see also Great Western Mining & Min. Co. v. Rothschild LLP, 615 F.3d 159, 177 (3d Cir. 2010).

3

### 2. *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. See Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969)("petition prepared by a prisoner... may be inartfully drawn and should be read 'with a measure of tolerance'"); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997)(overruled on other grounds). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

### C. Discussion

#### 1. First Amendment and Due Process Claims

The gravamen of Plaintiff's First Amendment and due process claims is that the rates he is being charged for the use of the telephone at ECP are excessive. Implicit in this assertion is that the allegedly exorbitant rates restrict his ability to call and receive calls from his family and friends. It is generally recognized, however, that while prisoners retain the right to communicate

4

with friends, family, and counsel while in prison, they do not have a right to unlimited telephone calls. See Washington v. Reno, 35 F.3d 1093, 1099 (6th Cir.1994). "Instead, a prisoner's right to telephone access is subject to rational limitations in the face of legitimate security interests of the penal institution. The exact nature of telephone service to be provided to inmates is generally to be determined by prison administrators, subject to court scrutiny for unreasonable restrictions." Id. (internal punctuation and citations omitted). See also Almahdi v. Ashcroft, 310 Fed.Appx. 519, 521 (3d Cir. 2009) (reasonable restrictions on telephone privileges do not violate prisoners' constitutional rights).

Furthermore, although the Third Circuit has not yet spoken on the issue, it has been universally recognized by federal courts that "[t]here is no authority for the proposition that prisoners are entitled to a specific rate for their telephone calls." Johnson v. California, 207 F.3d 650, 656 (9th Cir.2000), overruled on other grounds, 543 U.S. 499, 125 S.Ct. 1141, 160 L.Ed.2d 949 (2005). See Holloway v. Magness, 666 F.3d 1076, 1080 (8th Cir. 2012) (upholding dismissal of inmate's challenge of prison telephone rates); Arsberry v. Illinois, 244 F.3d 558, 564 (7th Cir. 2001) (upholding dismissal of inmate's First Amendment, due process, and equal protection claims based upon exorbitant telephone rates); Smith v. Bradley, 1995 WL 241996, at *3-4 (6th Cir.1995) (holding that "merely replacing a collect-call telephone system with a direct-dial system does not alone implicate inmates' First Amendment rights"); Boyer v. Taylor, 2007 WL 2049905 at *9 (D.Del., July 16, 2007) (dismissing complaint challenging phone rates because plaintiff alleged "no facts from which one could conclude that the rate charged is so exorbitant as to deprive prisoners of phone access altogether); Orr v. Dawson, 2006 U.S. Dist. LEXIS 68943,

at *23-24 (D.Idaho 2006) (dismissing plaintiff's claim that defendants engaged in price gouging on the telephone service provided to inmates); Fulton v. MCI Worldcom, Inc., 2006 U.S. Dist. LEXIS 32037, at *5 (E.D.Cal. 2006) ("[t]he First Amendment does not require that prisoners have their choice of telephone services or that they be given a specified rate for their telephone calls").

Based on the foregoing, Plaintiff's First Amendment and due process claims will be dismissed for failure to state a claim upon which relief may be granted.

### 2. Equal Protection Claim

Plaintiff further contends that ECP's phone rates violate his equal protection rights because he, as a pretrial detainee, is required to pay $4.80 for a thirty minute call, while inmates on work release are required to pay only 50¢ per call.

The Equal Protection Clause provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. Amend. XIV, § 1. "This is not a command that all persons be treated alike but, rather, 'a direction that all persons similarly situated should be treated alike'" Artway v. Attorney General of State of N.J., 81 F.3d 1235, 1267 (3d Cir. 1996), quoting City of Cleburne, Tex. v. Cleburne Living Center, 473 U.S. 432, 439 (1985). "When a state policy does not adversely affect a suspect class or impinge upon a fundamental right, all that is constitutionally required of the state's program is that it be rationally related to a legitimate state object." Coakley v. Murphy, 884 F.2d 1218, 1222 (9th Cir. 1989), citing Massachusetts Bd. Of Retirement v. Murgia, 427 U.S. 307, 314 (1976).

Thus, classifications involving a suspect or quasi-suspect class, or actions that impact

certain fundamental constitutional rights, are subject to heightened or "strict" scrutiny. City of Cleburne, 473 U.S. at 439. Other classifications are subject to the "rational basis" test, which requires that a classification need only be rationally related to a legitimate state interest to survive an equal protection challenge. F.C.C. v. Beach Communications, Inc., 508 U.S. 307 (1993) (state action that does not affect a suspect category or infringe on a fundamental constitutional right must be upheld against equal protection challenge if there is any reasonably conceivable state of facts that could provide a rational basis for the classification); Chapman v. United States, 500 U.S. 453, 465 (1991).

Here, Plaintiff has not alleged that he is a member of a suspect class, as it is well settled that prison inmates are not a suspect class. Abdul-Akbar v. McKelvie, 239 F.3d 307, 317 (3d Cir. 2001); See also Nicholas v. Tucker, 114 F.3d 17, 20 (2d Cir. 1997) (inmates are not suspect class so as to require more exacting scrutiny), cert. denied, 523 U.S. 1126 (1998); Hampton v. Hobbs, 106 F.3d 1281, 1286 (6th Cir. 1997); Zehner v. Trigg, 133 F.3d 459, 463 (7th Cir. 1997). In addition, Plaintiff's challenge of ECP's phone rate structure does not implicate a fundamental right.

There being no suspect class or fundamental right at issue, Plaintiff must show that the treatment he received (issuance of seven catheters per week) was unlike that received by inmates similarly situated to him and was not rationally related to a legitimate government interest. Plaintiff argues that the others who are charged only 50¢ per local call are similarly situated to him simply because he and they are "both making local calls" and are "all under the Erie County jurisdiction." (ECF No. 3, Complaint, at p. 5). No other similarities are noted; yet, Plaintiff's

allegations do note a significant difference, in that the other inmates are on work-release while he is not.

Simply stated, Plaintiff has failed to satisfy his burden of demonstrating that the individuals he alleges "are treated differently are so similar to [him] that there is no rational basis for the distinctions which defendants make." Little v. Terhune, 200 F.Supp.2d 445, 451 (D.N.J. 2002), quoting Holy Name Soc'y v. Horn, 2002 WL 959408, at *13 (E.D.Pa. Aug. 21, 2001). Because Plaintiff cannot meet his burden of demonstrating that he was similarly situated to other inmates who allegedly received more favorable treatment than he, Plaintiff's equal protection claim will be dismissed.

### 3. Prison Litigation Reform Act

Under 28 U.S.C. § 1915 of the Prison Litigation Reform Act ("PLRA"), this Court has discretion to dismiss frivolous or malicious *in forma pauperis* claims. Wilson v. Rackmill, 878 F3d 772, 774 (3d Cir. 1989). Section 1915(e) provides that "[t]he court shall dismiss the case at any time if the court determines that -- ...(B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted...." A claim is frivolous if it: 1) is based upon an indisputably meritless legal theory and/or, 2) contains factual contentions that are clearly baseless. Neitzke v. Williams, 490 U.S. 319, 327 (1989). A plaintiff has failed to allege a viable claim if the court is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegation." Hishon v. King & Spaulding, 467 U.S. 69, 73

(1984); Conley v. Gibson, 355 U.S. 41 (1957). The U.S. Supreme Court has instructed that section 1915(e) provides the Court not only with the authority "... to dismiss a claim based on an indisputably meritless theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989).

As noted earlier, Defendant Securus has not been served with the complaint in this matter and, thus, has not joined in the motion to dismiss presently before the Court. Nonetheless, the claims against said Defendant are the same claims this Court has already determined are without legal merit. Moreover, in order to maintain an action against Defendant Securus under 42 U.S.C. § 1983, Plaintiff must show that Securus is a state actor subject to liability under that section. The mere fact that Securus provides telephone services to prisoners pursuant to a contract with ECP, alone, is insufficient to transform Securus into a state actor for purposes of Section 1983. See, e.g., Iswed v. Caruso, 2009 WL 4251076, at *3 (W.D.Mich. Nov.24, 2009); Breland v. Evercom System, Inc., 2009 WL 1490488, at *1 (M.D.Ga. May 27, 2009) (fact that Evercom provided phone service in the county jail does not constitute action under color of state law); Middleton v. MCI Telecommunications Corp., 2005 WL 2495358 (M.D.Fla. Oct.10, 2005) (telephone carrier defendant not a state actor); Daniels v. Bowles, 2004 WL 2479917 (N.D.Tex. Nov.2, 2004) (for-profit telephone company does not act under color of state law).

For the foregoing reasons, Plaintiff's claims against Defendant Securus will be

9

dismissed as frivolous pursuant to the authority granted this Court by the PLRA.

An appropriate Order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| ROSHA C. WLLIAMS, | ) | C.A. No. 14-42 Erie |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Baxter |
| SECURUS CORRECTIONAL | ) | |
| BILLING, et al., | ) | |
| Defendants. | ) | |

## ORDER

AND NOW, this 22nd day of December, 2014,

IT IS HEREBY ORDERED that the motion to dismiss filed by Defendants Erie County Prison and Michael Holman [ECF No. 7] is GRANTED, and all claims against said Defendants are DISMISSED.

IT IS FURTHER ORDERED that, pursuant to the authority granted this Court by the Prison Litigation Reform Act, 28 U.S.C. 1915(e), Plaintiff's claims against Defendant Securus Correctional Billing are DISMISSED as frivolous.

The Clerk is directed to mark this case closed.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge